**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CRAIG M. WHITE,

            Plaintiff,      :

     v.

UNITED STATES DEPARTMENT
OF DEFENSE,              :

            Defendant.

Case No. 2:25-cv-1133
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Craig White was terminated from the Defense Logistics Agency ("DLA") in August 2021. He appealed the DLA's decision to the Merit System Protection Board ("MSPB") where he challenged his removal and alleged that he experienced discrimination. The MSPB upheld Mr. White's removal and denied his allegations of discrimination. This action followed.

The Government[1] has moved to dismiss. (Mot., ECF No. 11.) Mr. White responded (Resp., ECF No. 15) and the Government replied (Reply, ECF No. 18). Mr. White has alternatively moved for leave to amend his complaint. (Resp., PAGEID # 169.)

---

[1] The Government asserts Pete Hegseth, Secretary of the United States Department of Defense, is the proper defendant. Should Mr. White wish to name a different party, he can do so in his forthcoming amended complaint.

## I.   BACKGROUND

The MSPB's Initial Decision, attached to the Complaint as Exhibit 1, is 38 pages and contains a detailed background into the facts giving rise to Mr. White's removal. (ECF No. 1-1.) That said, an overview of the pertinent facts is all that is necessary for this Motion.

Mr. White was a Supervisory Career Program Specialist for the Pathway Internship Program at the Defense Logistics Agency's Land & Maritime office in Columbus, Ohio. (ECF No. 1-1, PAGEID # 6.) In March 2020, a supervisor asked the Office of Inspector General to investigate Mr. White's familial relationship with several Pathway interns. (*Id.*) The investigation found that Mr. White's relationship improperly created the appearance of favoritism. (*Id.*, PAGEID # 8.)

In April 2021, the DLA recommended Mr. White's removal on three charges: (1) nepotism; (2) lack of candor; and (3) conduct unbecoming. (*Id.*, PAGEID # 9–10.) On August 20, 2021, DLA terminated Mr. White. (*Id.*, PAGEID # 14.)

On appeal, the MSPB held a hearing on March 11–13, 2024 (*id.*, PAGEID # 5) and upheld the DLA's termination decision and denied Mr. White's allegations of discrimination. (*Id.*, PAGEID # 42.)

## II.   PROCEDURAL BACKGROUND

The Civil Service Reform Act of 1978 ("CSRA") "establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). If the action "is particularly serious" such as "a removal from employment[,] … the affected employee has a right to appeal the agency's decision to the MSPB[.]" *Id.* The employee's appeal "may merely allege that the agency had

insufficient cause for taking the action under the CSRA; but the appeal may also or instead charge the agency with discrimination prohibited by another federal statute, such as Title VII of the Civil Rights Act of 1964[.]" *Id*. Where, as here, "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination," he is said to have brought a "mixed case." *Id*.

"A federal employee bringing a mixed case may proceed in a variety of ways." *Id*. at 45. One way is to bring the case directly to the MSPB. *Id*. Where, as here, the "MSPB upholds the personnel action … the employee again has a choice: [he] may request additional administrative process, this time with the EEOC, or else [he] may seek judicial review." *Id*. Mr. White chose judicial review.

"Section 7703 of the CSRA governs judicial review of the MSPB's decisions." *Id*. Section 7703(b)(2) addresses mixed cases:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act], as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

*Id*. at 45–46 (citing 5 U.S.C. § 7703(b)(2)). "The enforcement provisions of the antidiscrimination statutes" listed in section 7703(b)(2) all authorize suit in federal district court. *Id*. So the proper jurisdiction for filing a mixed case is in district court. *Id*. at 56.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim

with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, in reviewing such a motion a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

4

## IV.    ANALYSIS

### A.    Motion to Dismiss

Mr. White appeals both the MSPB's decision on his removal and his discrimination allegations. (Compl., ECF No. 1.) The Government argues Mr. White's Complaint should be dismissed because he has failed to meet the pleading requirements under Federal Rule of Civil Procedure 8. (Mot., PAGEID # 99.)

In a mixed case, the district court "reviews both the lawfulness of the personnel action and the discrimination claim – though under different standards." *Ornelas v. Mullin*, No. 25-cv-0916, 2026 WL 1256934, *4 (S.D. Calif. May 7, 2026).

As for a personnel action, "the district court's review is deferential." *Id*. The Court "shall review the record and hold unlawful and set aside any agency action, findings, or conclusions" that are:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence[.]

5 U.S.C. § 7703(c). But Mr. White has failed to identify what portion of the MSPB's decision violated section 7703(c). Instead, he merely states, "significant facts … were omitted and facts … were not properly contextualized[,]" and that "the law was not properly applied to the relevant facts." (Compl., PAGEID # 2.) Mr. White's conclusory statements do nothing to guide the Court's review. *See, e.g.*, *Holmes v. Merit Sys. Prot. Bd.*, No. 3:22-cv-364, 2024 WL 2132427, *3 (S.D. Ohio May 13,

5

2024) (Newman, J.) ("Plaintiff has not stated a claim for relief or identified which portion(s) of the MSPB decision he seeks to have the Court review.").

As for a discrimination claim, it "shall be filed" under the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act, as applicable. 5 U.S.C. § 7703(b)(2). Once filed, "the employee … shall have the right to have the facts subject to trial de novo" by the district court. 5 U.S.C. § 7703(c). There is no "rigid pleading standard for discrimination cases." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). That said, a plaintiff must, at the very least, give fair notice of the basis for his claims. *See id.* at 514.

Mr. White has not done that here. To start, the face of the Complaint does not even identify what type of discrimination claim(s) he is bringing and instead points to the "voluminous" record below. (Compl., PAGEID # 1.) And the MSPB's decision attached to the Complaint only provides analysis into why it found Mr. White's Title VII claim was without merit. It does not, however, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (internal alteration and quotations omitted). To do that, Mr. White needs to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### B. Motion for Leave to Amend

In the alternative, Mr. White requests leave to amend his Complaint. (Resp., PAGEID # 169.) The Government argues Mr. White's request should be denied because he is represented by counsel. (Reply, PAGEID # 186.)

6

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

The statutory and regulatory scheme governing a mixed case appeal is a complex procedural maze. If Mr. White were denied leave to amend his Complaint, the Court would be deciding his case on a procedural technicality and not the merits. Furthermore, an amended complaint would not prejudice the Government at this early stage of litigation.

Accordingly, the Court will allow Mr. White leave to amend his Complaint to give him an opportunity to allege sufficient factual matter, that if accepted as true, would state a claim to relief. Because the Court is allowing Mr. White to amend his Complaint, the Government's Motion to Dismiss (ECF No. 11) is **MOOT**.

7

## V.    CONCLUSION

For the above reasons, the Government's Motion to Dismiss (ECF No. 11) is **MOOT**. Mr. White is **ORDERED** to file an Amended Complaint within 14 days of the date of this Opinion and Order. The Government shall file their Answer or responsive pleading in accordance with the Federal Rules of Civil Procedure.

If Mr. White does not file an Amended Complaint by the noted deadline, the Court will *sua sponte* reconsider this Opinion and Order based upon the Government's Motion to Dismiss.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**